| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | ECF CASE |
| SOUTHERN DISTRICT OF NEW YORK | | |
| ------------------------------------------------------------X : | | Civ. No. 04 CV 3773 (RCC) |
| EMUSIC.COM, INC. | : | |
| Plaintiff, | : | |
| - against - | : | **COMPLAINT** |
| WALTER KARL, INC. | : | |
| Defendant. | : | |
| ------------------------------------------------------------X | | |

Plaintiff EMusic.com, Inc. ("EMusic.com"), through its attorneys Reed Smith LLP, alleges as follows:

## INTRODUCTION

1.  This is an action for trademark infringement and unfair competition arising from defendant Walter Karl, Inc.'s misappropriation of plaintiff's federally-registered EMUSIC trademark. Defendant is causing consumer confusion by offering a mailing list to consumers which defendant identifies as the "E-Music" list even though there is no affiliation whatsoever between EMusic.com, the owner of the EMUSIC trademark, and defendant. EMusic.com seeks a preliminary and permanent injunction and damages.

2.  EMusic.com is a pioneer in the market for music delivered in electronic format over the internet. Founded in 1998, EMusic.com was the first digital music service to sell songs and albums in the MP3 electronic file format for lawful, licensed purchase by consumers. EMusic.com was also the first company to offer a monthly subscription that entitles customers to download a number of songs rather than requiring customers to pay for each individual song they choose to purchase. Currently, EMusic.com offers more than 300,000 MP3 song files from more than 900 record labels to its 60,000 subscribers.

3.  Emusic.com is the owner of an incontestable federal trademark registration for the EMUSIC trademark for retail sales of music over the internet.

4. In addition to selling music to its subscribers, EMusic.com also sells advertising and promotional services to other business. Since it was founded, EMusic.com has engaged in advertising and promotional deals with dozens of companies that purchase advertising on the EMusic.com website, make EMusic.com content available to their own subscribers, promote their products by licensing the EMUSIC trademark and logo to place on their packaging, or otherwise promote their services through licensed and authorized use of the EMUSIC trademark.

5. Unlike EMusic.com's authorized business partners, Walter Karl, Inc. ("Walter Karl") has misappropriated the EMUSIC mark to sell its services without EMusic.com's authorization. In order to capitalize on EMusic.com's well-known brand, Walter Karl is marketing a mailing list that it identifies as an "E-MUSIC" mailing list. Walter Karl describes its list as a "new, Internet-generated, Opt-in. E-mail and postal address list offers mailers the opportunity to reach consumers with an interest in music at home **via email**." (emphasis in original).

6. Walter Karl's unlawful misappropriation of EMusic.com's EMUSIC mark is likely to cause confusion among potential marketing and promotional partners of EMusic.com who believe that Walter Karl is authorized to promote and sell EMusic.com's proprietary mailing list. Furthermore, Walter Karl's unauthorized use of the EMusic.com trademark is likely to confuse consumers, especially EMusic.com subscribers, who believe that the personal information that they have provided to EMusic.com is being offered for sale by Walter Karl.

7. Unless Walter Karl is enjoined from its unlawful exploitation of EMusic.com's EMUSIC trademark, Emusic.com will continue to be irreparably harmed.

## PARTIES

8. EMusic.com, Inc. is a Delaware corporation with its principal place of business at 9710 Scranton Road, San Diego, California.

9. Upon information and belief, Walter Karl is a New York corporation with its principal place of business at 1 Blue Hill Plaza, Pearl River, New York.

## JURISDICTION AND VENUE

10. This is an action for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and New York law.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. §§ 1116 and 1121.  This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the infringements giving rise to the claims alleged herein occurred in this district.

## FACTS COMMON TO ALL CAUSES OF ACTION

### EMusic.com's Use and Promotion of its Incontestable EMUSIC Trademark

12. EMusic.com is the owner of United States Trademark Registration No. 2,036,441 for the EMUSIC trademark for "retail store services available through computer communications featuring sound recordings." (A copy of the United States Patent and Trademark Office database record for EMUSIC is Exhibit A hereto).  By virtue of its status on the principal trademark register since 1997, the EMUSIC mark has become incontestable.

13. Since its inception, Emusic.com has spent millions of dollars to promote services identified by its EMUSIC trademark.  Emusic.com has advertised its services through a variety of media.  On television, EMusic.com has run advertisements on Comedy Central, E! Network, ESPN2 and MTV.  In addition, Emusic.com has aired numerous radio advertisements.  EMusic.com has also promoted its services in other media and through cross-promotions with other websites, print publications and live music venues.

14. As a result of EMusic.com's advertising and promotional efforts it now sells over 1,000,000 file downloads per month to its 60,000 subscribers.

**The EMusic.com Subscription Package**

15. As stated above, Emusic.com was the first company to offer a subscription-based service. Emusic.com subscribers pay $9.99 per month for a subscription that entitles them to download 40 songs, $14.99 per month for 65 songs or $19.99 per month for 90 songs.

16. To subscribe to the EMusic.com service, subscribers provide Emusic.com with personal information including their email address and postal address.

17. The Emusic.com website prominently posts the privacy policy that governs the company's transfer of personal subscriber contact information to third party advertisers and marketing partners. The policy states, in relevant part:

> [O]ur general practice is to ask you to 'opt-in' to share such data and information on, for example, a specific promotion, registration page or sweepstakes. However, in some instances, we may ask you to 'opt-out' from sharing such data and information with a given promotional partner or third party advertiser in connection with a specific promotion, registration page or sweepstakes.

**The New EMusic Live Service**

18. Recently, Emusic.com introduced one of its most innovative services. EMusic.com's new EMusic Live service will allow music fans to purchase an electronic recording of a live concert immediately after the concert ends. Concert-goers can purchase a $20 key-chain hard-drive device that will allow them to download $10 recordings of the concert they just attended from kiosks located at the venue. Customers can take the recordings home and download them to their home computers and MP3 players.

19. The innovative EMusic Live service has attracted nationwide media attention. In April 2004 alone, articles about EMusic Live appeared on MSNBC.com, USAToday.com and in regional newspapers throughout the country. Upon information

and belief, the EMUSIC trademark is poised to receive even more widespread public recognition as the EMusic Live service is rolled out nationwide.

**Walter Karl's Infringing Use of the EMUSIC Trademark**

20. Walter Karl offers for sale a mailing list that it identifies as the "E-MUSIC" list. Walter Karl's promotional materials tout the value of the list for "reach[ing] consumers with an interest in music at home **via email**." (emphasis in original). (A copy of Walter Karl's promotional materials for the "E-Music" list is Exhibit B hereto). The promotional materials further announce that the contacts on the list are "100% Internet Generated (all are registered members)." The Walter Karl product information provides a "summary description" of the mailing list as "Internet-generated, opt-in e-mail and postal address list of consumers with an interest in music at home."

21. Walter Karl's promotional materials misappropriate the EMUSIC trademark to identify the mailing list that Walter Karl is selling, describe the source of that list as a service identical to the Emusic.com service and describe the procedure used to obtain the list information as a procedure nearly identical to the EMusic.com subscription service.

**FIRST CAUSE OF ACTION**

**(Lanham Act Trademark Infringement, 15 U.S.C. § 1114)**

22. EMusic.com repeats the allegations in paragraphs 1 through 21 as if fully set forth herein.

23. EMusic.com is the owner of an incontestable federal trademark registration for the EMUSIC trademark.

24. By its registration and extensive use and promotion of the EMUSIC mark, EMusic.com has established a strong association in the public mind between the EMUSIC mark and the services offered by EMusic.com.

25. Without EMusic.com's authorization or consent, Walter Karl has promoted goods and services bearing the EMUSIC trademark that are in direct competition with services offered by EMusic.com.

26. Walter Karl's acts of offering for sale services bearing EMusic.com's EMUSIC trademark are likely to cause confusion, mistake and deception among relevant consumers as to the origin of Walter Karl's services and are likely to deceive the relevant public into believing that Walter Karl's services originate from, are associated with or are otherwise authorized by EMusic.com, all to the damage and detriment of EMusic.com's reputation, goodwill and sales.

27. Walter Karl's unlawful acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

28. EMusic.com has no adequate remedy at law. If Walter Karl's unlawful activities are not enjoined, EMusic.com will suffer irreparable harm.

## SECOND CAUSE OF ACTION

### (Lanham Act Unfair Competition, 15 U.S.C. § 1125(a))

29. EMusic.com repeats the allegations in paragraphs 1 through 28 as if fully set forth herein.

30. The promotional mailing list services sold by Walter Karl are of the same general nature as the promotional services sold by EMusic.com.

31. By misappropriating and using the EMUSIC trademark, Walter Karl is misrepresenting to the relevant public that EMusic.com is the origin and source of the Walter Karl mailing list, thereby creating a likelihood of confusion as to the source of the list.

32. Walter Karl's unlawful conduct constitutes unfair competition and false designation of origin in violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a).

33. EMusic.com has no adequate remedy at law. If Walter Karl's unlawful activities are not enjoined, EMusic.com will continue to suffer irreparable harm.

## THIRD CAUSE OF ACTION

### (New York Trademark Infringement)

34. EMusic.com repeats the allegations in paragraphs 1 through 33 as if fully set forth herein.

35. Walter Karl's aforementioned acts and infringements constitute trademark infringement under New York law.

36. EMusic.com has no adequate remedy at law. If Walter Karl's unlawful conduct is not enjoined, EMusic.com will continue to suffer irreparable harm.

## FOURTH CAUSE OF ACTION

### (New York Unfair Competition)

37. EMusic.com repeats the allegations in paragraphs 1 through 36 as if fully set forth herein.

38. Walter Karl's aforementioned acts and infringements constitute unfair competition in violation of New York law.

39. EMusic.com has no adequate remedy at law. If Walter Karl's unlawful conduct is not enjoined, EMusic.com will suffer irreparable harm.

WHEREFORE, EMusic.com seeks an order and judgment against Walter Karl as to all causes of action as follows:

1. Awarding EMusic.com its damages in an amount to be proven at trial; and

2. Preliminarily and permanently enjoining Walter Karl from any use of the EMUSIC trademark or any similar trademark; and

3. Awarding EMusic.com its attorneys fees and costs incurred in prosecuting this action; and

    4.    Awarding such other relief as to the Court appears just and proper.

    A JURY TRIAL IS DEMANDED

Dated:  New York, New York
        May 17, 2004

                        REED SMITH LLP



                        _____
                        Peter D. Raymond (PDR 3029)
                        Charles von Simson (CVS 1038)
                        599 Lexington Avenue
                        New York, New York 10022
                        Telephone: (212) 521-5400
                        Facsimile: (212) 521-5450

                        Attorneys for Plaintiff EMusic.com, Inc.